UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 21-30029-MGM |
| ) | |
| BRIAN COOPER ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant Brian Cooper submits this Sentencing Memorandum in support of a sentence of fifteen (15) years (180 months in prison) followed by five (5) years of supervised release with conditions. The Defendant submits that this sentence is "sufficient, but not greater than necessary" to achieve the sentencing purposes of 18 U.S.C. §3553(a) and reflects the nature and circumstances of him as a person, and of his offense. Mr. Cooper plead guilty to all charges on January 24, 2022. The plea was pursuant to Rule 11 (c)(1)(C) for the above sentence as disposition. This sentence requires a minimum mandatory of fifteen (15) years. The Defendant's Sentencing Guidelines without regard to the mandatory minimum sentence are 151 to 188 months of incarceration. The agreed upon sentence falls within the higher end of the guidelines.

### A. DEFENDANT'S BACKGROUND

On May 20, 1957, the Defendant, Brian Cooper, was born to Richard and Faith Cooper. He is the oldest of five children and he was raised in an unstable environment where both his parents were alcoholics and the family moved frequently. Mr. Cooper graduated from high school, attended college and obtained a Master's Degree from Fitchburg State University. Mr. Cooper was a longtime Biology teacher for the Orange-Athol school system until he was convicted in Franklin Superior Court for possession of child pornography. He served two years in jail and was on probation for a lengthy period of time. At the time of this offense the Defendant was working

1

as a clerk at the U.S Postal Service in Turners Falls, Massachusetts. Mr. Cooper had a steady work history and has been able to provide his wife and himself.

### B. SENTENCING POLICY

This Court must begin this proceeding by "correctly calculating the applicable guideline range" however, the Court "may or may not presume that the guideline range is reasonable." Gall v. United States, 552 U.S. 38, (2007). The Court is to treat the guideline range as one factor among several to be considered when determining the appropriate sentence under §3553(a). Kimbrough v. United States, 552 U.S. 85 (2007). The Court's directive is to "impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing." Id., quoting 18 U.S.C. §3553(a). The parties have executed a Plea Agreement in this matter and agree that the sentence should be for 180 months. The guidelines would require a like sentence. This Court is afforded the sentencing discretion because it is "a superior position to find facts and judge their import under §3553(a) in the individual case." Gall, 552 U.S. at 51.

### 1. Nature and Circumstance of the Offense

Brian Cooper has pled guilty to possession of child pornography, distribution of child pornography, and receipt of child pornography. Brian is ashamed of himself and what he has done to his wife and family. As a result of his actions he has become a pariah in his family. His wife and father are the only people who have contact with him.

The Court must consider the seriousness of the offense and the Defendant submits that a term of fifteen (15) years of incarceration to be followed by five (5) years of supervised release is a grave sentence and adequately represents the seriousness of the offense. Brian Cooper will not be released from prison until he is almost 75 years of age and then will have five (5) years

of supervised release and he will have to register as a sex offender for life. Brian Cooper will be under scrutiny for the remainder of his natural life.

2.   **Just Punishment & Adequate Deterrence**

The proposed punishment of Brian Cooper is a severe sentence. There is no reason to believe that giving Mr. Cooper a lengthier sentence would have any impact on the child pornography market. This sentence of fifteen (15) years in prison, five (5) years supervised release and lifetime sex offender registration has collateral consequences, including the loss of employment, reputation and is severe enough to provide a deterrent to any other offenders who are capable of being deterred. "While the public's outcry for harsher sentences in child pornography cases is certainly understandable, there is not a single sliver of evidence remotely supporting the notion that harsher punishment would reduce the flow of child pornography on the Internet." United States v. Beiermann, 599 F. Supp. 2d 1087, (N.D. Iowa 2009).

3.   **Need to Protect the Public**

Brian Cooper's viewing and trading of child pornography is not a harmless activity. The Court should exercise caution to avoid imposing a sentence for a crime some fear Mr. Cooper could commit in the future, instead of for the crime he actually committed for which he is before the Court.

Upon his release, Mr. Cooper will have to register as a sex offender. This fact alone, in addition to five (5) years of supervised release, has built-in protections to ensure the safety of children, such as providing notice to the authorities and the public about Mr. Cooper's location and past offenses. This requirement is relevant to the protection of the public. This designation carries a societal stigma and has practical restrictions designed to protect children. Under these

circumstances it is not an abuse of discretion to conclude that a prison sentence of fifteen (15) years combined with five (5) years supervised release will adequately protect the public.

### 4. Defendant's Need for Treatment and Care

Mr. Cooper has indicated his desire to become involved in sex offender treatment. He understands that the acts he committed were wrong and believes he would benefit from counseling and therapy. He understands that treatment is available in the Federal Bureau of Prisons. Mr. Cooper would request that this Court recommend that he be placed at the Fort Devens facility in Ayer, Massachusetts.

### C. CONCLUSION

Mr. Cooper submits that the Pre-Sentence Report of Probation Officer Richard Rinaldi accurately portrays his personal and family history. Nothing herein is designed to excuse the Defendant's behavior which he understands and acknowledges is wrong. Upon his release from prison he can still have a relationship with his wife and family members. His incarceration is a tremendous punishment but it is one that he accepts. The Defendant requests this court to sentence him to fifteen (15) years imprisonment; five (5) years supervised release and lifetime registration as a Sex Offender.

RESPECTFULLY SUBMITTED,<br>
THE DEFENDANT,<br>
By His Attorney

Dated: June 16, 2022

/s/ *Kevin G. Murphy*
Kevin G. Murphy, Esq.
Casartello & Murphy, LLC
121 State Street – Suite 203
Springfield, Massachusetts 01103
(413) 781-4700
(413) 781-0471 (fax)
BBO No. 363110
kgmurphy@cmattys.net

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 16th day of June, 2022.

/s/ *Kevin G. Murphy*
Kevin G. Murphy, Esq.